J-S84010-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DONNA DRISCOLL | : | No. 1215 MDA 2017 |

Appeal from the Order Entered July 17, 2017
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s):  CP-54-CR-0001788-2016

BEFORE:  SHOGAN, J., LAZARUS, J., and OTT, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED APRIL 13, 2018**

The Commonwealth appeals from the trial court's pretrial order granting Appellee Donna Driscoll's pretrial motion and directing that the offense of driving under the influence ("DUI"),[1] which allegedly occurred on June 15, 2016, be treated as a first offense.  We reverse.

We summarize the pertinent history of this matter as follows.  On June 15, 2016, Officer Pete Sandor of the Tamaqua Police Department responded to a report of a motor vehicle accident at 301 Willing Street in Tamaqua Borough.  Officer Sandor encountered Appellee at the scene and subsequently arrested her.  Appellee was charged with DUI.  Upon discovery, it was revealed that Appellee had previously been convicted of

_____

[1]  75 Pa.C.S. § 3802.

DUI, as evidenced in her driving record. Specifically, Appellee's previous conviction arose out of an offense that occurred in Schuylkill County on April 2, 2006. Subsequently, on February 21, 2007, Appellee pled guilty to the previous DUI offense and was sentenced to serve a term of incarceration of three to six months.

After being charged in the instant matter, Appellee filed omnibus pretrial motions on March 21, 2017. The trial court held a hearing on May 1, 2017. At the conclusion of the hearing, the trial court directed the parties to file briefs addressing the issue of whether Appellee's instant DUI offense should be considered a first offense or a second offense pursuant to 75 Pa.C.S. § 3806. Appellee filed her brief on May 31, 2017, and the Commonwealth filed its brief on June 5, 2017. On July 17, 2017, the trial court entered its order determining that Appellee's instant DUI offense should be treated as a first offense. The Commonwealth then filed this timely appeal.[2] The trial court did not direct the Commonwealth to file a

_____

[2] Pursuant to Pa.R.A.P. 311(d), in criminal cases the Commonwealth has a right to appeal interlocutory orders if the Commonwealth certifies that the orders will terminate or substantially handicap the prosecution. *Commonwealth v. Flamer*, 53 A.3d 82, 86 n.2 (Pa. Super. 2012). Specifically, Rule 311(d) provides as follows:

> In a criminal case, under the circumstances provided by law, the Commonwealth may take an appeal as of right from an order that does not end the entire case where the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution.

*(Footnote Continued Next Page)*

statement pursuant to Pa.R.A.P. 1925(b). On August 10, 2017, the trial court directed that the certified record be forwarded to this Court and that the record include the trial court's order of July 17, 2017, in lieu of a trial court opinion, thereby satisfying Pa.R.A.P. 1925(a).

The Commonwealth now presents the following issue for our review:

> 1. Did the lower court err in determining that 75 Pa.C.S.A. § 3806 is vague and must be subject to the rule of lenity,[3] without addressing the rules of statutory construction, and thus leniently interpreting § 3806 to define the 10–year lookback period from offense date to offense date instead of conviction to offense date?

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯

Pa.R.A.P. 311(d).

Here, the record reflects that the Commonwealth stated in its notice of appeal that "Attached hereto is the Commonwealth's certification pursuant to [Pa.R.A.P.] 311(d)". Notice of Appeal, 8/3/17, at 1. However, review of the certified record reflects that the Commonwealth failed to attach the certification to the notice of appeal. Consequently, on August 22, 2017, this Court filed an order directing the Commonwealth to show cause why the appeal should not be quashed as taken from an unappealable order. Order, 8/22/17, at 1. On August 30, 2017, the Commonwealth filed its response to the rule to show cause. Therein, the Commonwealth indicated that the trial court's order, which held the instant crime should be considered to be Appellee's first DUI, affected the grading of the instant offense because it quashed the Commonwealth's first-degree misdemeanor charge and limited prosecution to the charge of DUI as an ungraded misdemeanor. Commonwealth's Response, 8/30/17, at 1-2. The Commonwealth certified that the determination will substantially handicap the prosecution of the case. Commonwealth's Response, 8/30/17, at 2. Therefore, pursuant to Pa.R.A.P. 311(d), this Court has jurisdiction to hear this appeal from the trial court's interlocutory order, even though the trial court's order did not terminate the prosecution.

3 *See Commonwealth v. Jarowecki*, 985 A.2d 955, 963 (Pa. 2009) ("'rule of lenity'- the mandate that **ambiguous** penal statutes be interpreted in favor of the criminal defendant") (emphasis added).

Commonwealth's Brief at 4.

The Commonwealth argues that the trial court erred in deciding that Appellee's instant DUI charge should be considered a first offense. Commonwealth's Brief at 7-15. Specifically, the Commonwealth contends that 75 Pa.C.S. § 3806 is not vague with regard to calculating the ten-year look-back period and that the trial court erred in applying the rule of lenity.

Our review of this case focuses upon the trial court's interpretation of a statute and its application of proper legal principles. These are questions of law for which our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Lynn***, 114 A.3d 796, 817-818 (Pa. 2015). In addition, we are mindful of the following:

> Our task is guided by the sound and settled principles set forth in the Statutory Construction Act, including the primary maxim that the object of statutory construction is to ascertain and effectuate legislative intent. 1 Pa.C.S. § 1921(a). In pursuing that end, we are mindful that "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b). Indeed, "[a]s a general rule, the best indication of legislative intent is the plain language of a statute." In reading the plain language, "[w]ords and phrases shall be construed according to rules of grammar and according to their common and approved usage," while any words or phrases that have acquired a "peculiar and appropriate meaning" must be construed according to that meaning. 1 Pa.C.S. [§] 1903(a). However, when interpreting non-explicit statutory text, legislative intent may be gleaned from a variety of factors, including, *inter alia*: the occasion and necessity for the statute; the mischief to be remedied; the object to be attained; the consequences of a particular interpretation; and the contemporaneous legislative history. 1 Pa.C.S. § 1921(c). Moreover, while statutes generally should be construed liberally, penal statutes are always to be construed strictly, 1 Pa.C.S.

§ 1928(b)(1), and any ambiguity in a penal statute should be interpreted in favor of the defendant.

Notwithstanding the primacy of the plain meaning doctrine as best representative of legislative intent, the rules of construction offer several important qualifying precepts. For instance, the Statutory Construction Act also states that, in ascertaining legislative intent, courts may apply, *inter alia*, the following presumptions: that the legislature does not intend a result that is absurd, impossible of execution, or unreasonable; and that the legislature intends the entire statute to be effective and certain. 1 Pa.C.S. § 1922(1), (2). Most importantly, the General Assembly has made clear that the rules of construction are not to be applied where they would result in a construction inconsistent with the manifest intent of the General Assembly. 1 Pa.C.S. § 1901.

***Commonwealth v. Wilson***, 111 A.3d 747, 751 (Pa. Super. 2015).

In addition, we observe that "[t]he title and preamble of a statute may be considered in the construction thereof." 1 Pa.C.S. § 1924. "The headings prefixed to titles, parts, articles, chapters, sections and other divisions of a statute shall not be considered to control but may be used to aid in the construction thereof." ***Id***. The title of a statute "is in no sense conclusive, particularly when there is no ambiguity in the body of the statute or ordinance itself." ***Commonwealth v. Reefer***, 816 A.2d 1136, 1143 n.10 (Pa. Super. 2003) (quoting ***Commonwealth v. Campbell***, 758 A.2d 1231, 1237 (Pa. Super. 2000)). "[T]he title cannot control the plain words of the statute and…even in the case of ambiguity it may be considered only to resolve the uncertainty." ***Commonwealth v. Magwood***, 469 A.2d 115, 119 (Pa. 1983) (internal quotation marks omitted).

Furthermore, the rule of lenity states, "[it] is axiomatic that . . . penal statutes must be strictly construed, with ambiguities being resolved in favor of the accused." **Commonwealth v. Rivera**, 10 A.3d 1276, 1284 (Pa. Super. 2010). However, as we noted earlier, the rule of lenity is applicable only when the penal statute has been determined to be ambiguous. **Jarowecki**, 985 A.2d at 963.

The statutory provision at issue here provides as follows:

**§ 3806. Prior offenses.**

**(a) General rule.—** Except as set forth in subsection (b), the term "prior offense" as used in this chapter shall mean any conviction for which judgment of sentence has been imposed, adjudication of delinquency, juvenile consent decree, acceptance of Accelerated Rehabilitative Disposition or other form of preliminary disposition before the sentencing on the present violation for any of the following:

> (1) an offense under section 3802 (relating to driving under influence of alcohol or controlled substance);
>
> (2) an offense under former section 3731;
>
> (3) an offense substantially similar to an offense under paragraph (1) or (2) in another jurisdiction; or
>
> (4) any combination of the offenses set forth in paragraph (1), (2) or (3).

**(b) Timing.—**

(1) For purposes of sections 1553(d.2) (relating to occupational limited license), 1556 (relating to ignition interlock limited license), 3803 (relating to grading), 3804 (relating to penalties) and 3805 (relating to ignition interlock), the prior offense must have occurred:

(i)   within 10 years prior to the date of the offense for which the defendant is being sentenced; or

(ii)  on or after the date of the offense for which the defendant is being sentenced.

(2)   The court shall calculate the number of prior offenses, if any, at the time of sentencing.

(3)   If the defendant is sentenced for two or more offenses in the same day, the offenses shall be considered prior offenses within the meaning of this subsection.

75 Pa.C.S. § 3806.

In reviewing the application of the statute, the trial court offered the following analysis:

On May 25, 2016, the Pennsylvania Legislature amended 75 Pa.C.S. § 3806. . . .  The amendment completely changed subsection (b) and removed the former subsection (b)'s reference to a conviction, replacing it with reference to the date of the offense.   Furthermore, the amendment completely removed reference to section 3802, the offense of driving under the influence, from subsection (b), as well as former section 3731, which had been repealed some time ago.  The references to sections 3803 and 3805, relating to grading and penalties of section 3802 offenses respectively, remained intact.

We have researched the legislative history of this amendment and have found not one whiff of the legislature's intent in making the revisions to subsection (b).  This change appears to have been made sometime between 2015 and when the bill was finally passed in 2016.  None of the legislative remarks refers to this change.  The primary purpose of the 2016 amendments was to overhaul the occupational limited license and created the new ignition interlock license.

The Commonwealth argues that 3806(a) clearly states that an offense under section 3802 is to be calculated from the prior conviction, and the date of the conviction on that prior offense was [February 21, 2007], making this a second offense. [Appellee] takes the position that under section 3806(b), which

controls as an exception to 3806(a), the date of the offense, [April 2, 2006], was more than ten years from the date of the second offense on June 15, 2016. [Appellee] argues in her brief that the amendment was probably passed to avoid the timing issues that arise when a defendant seeks continuances in order to avoid a second offense being calculated within ten years of a prior conviction. No case law or legislative history is cited to support that proposition.

Whatever the reason, the Pennsylvania Legislature has written a law that is unclear and that cannot be deciphered, regardless of whether the statutory language is given its plain meaning or is read to give effect to all of its provisions. We agree with [Appellee] that section 3806 must be strictly construed pursuant to 1 Pa.C.S. § 1928(b)(1) and that we must apply the rule of lenity. . . .

We have reviewed the statute and conclude that the apparent inconsistency in that language of the statute appears impenetrable. Where the law is not clear, so that a citizen may know the terms of any such law, the law must be interpreted to favor the citizen. We, therefore, hold that [Appellee's] position that the offense is a first offense is correct, when timed by the date of the offense and not by the date of conviction. The citizens of the Commonwealth should not find themselves oppressed by the failure of the Pennsylvania Legislature to enact clearly written legislation.

Trial Court Order, 7/17/17, at 1-4. We are constrained to disagree.

Our review of the statute reflects that the current version of Section 3806 was enacted by the General Assembly on May 25, 2016. Subsection (a) sets forth the following general rule defining the term "prior offense" as follows: "Except as set forth in subsection (b), the term 'prior offense' as used in this chapter shall mean **any conviction for which judgment of sentence has been imposed** . . ." 75 Pa.C.S. § 3806(a) (emphasis added). Thus, the plain language of the statute instructs that a "prior

offense" is a judgment of sentence imposed on a conviction.  Hence, the entry of a judgment of sentence on a conviction is the triggering mechanism for a crime to amount to a "prior offense."  Consequently, there is no "prior offense" without the entry of a judgment of sentence on a conviction. Subsection (a) sets forth the convictions for which the term "prior offense" is applicable.  In summary, under subsection (a), a "prior offense" pertains to violations of the current or former DUI statutes, whether a violation of Pennsylvania law or substantially similar laws of another state law. Therefore, under the general rule set forth in subsection (a), any prior DUI conviction for which a judgment of sentence has been imposed during an offender's entire lifetime qualifies as a "prior offense."

However, as stated in subsection (a), subsection (b) sets forth exceptions to the term "prior offense" as defined in subsection (a). Subsection (b), which is titled "Timing," explains that for the purposes of grading (75 Pa.C.S. § 3803) and penalties (75 Pa.C.S. § 3804) the "prior offense," *i.e.*, the judgment of sentence on a conviction, must have occurred within a delineated timeframe or look-back period.  Specifically, the statute instructs that for purposes of grading and penalties, a "prior offense" is not "**any** conviction for which judgment of sentence has been imposed," 75 Pa.C.S. § 3806(a) (emphasis added), but is limited to a conviction that occurred within ten years prior to the date of the offense for which the defendant is currently being sentenced.  75 Pa.C.S. 3806(b)(1)(i).  This

- 9 -

language of subsection (b) does nothing more than specify the timeframe and look-back period to be used in calculating the number of prior DUI offenses. Subsection (b) contains no language that changes the subsection (a) definition of "prior offense" from being the entry of the judgment of sentence on a conviction to the actual date of the prohibited conduct. Accordingly, we are constrained to conclude that the trial court erred in determining that the statute is ambiguous. Consequently, the trial court also erred in applying the rule of lenity to this unambiguous statute. Therefore, we reverse the order of the trial court and remand this case for further proceedings.

Order reversed. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/13/2018